IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEN KONOPKA,<br><br>          Plaintiff,<br><br>v.<br><br>TOTAL CLIMATE SUPPLY CO. dba MOUNTAIN CONTRACTORS SUPPLY GROUP,<br><br>          Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEEFNDANT'S MOTION TO AMEND CASE SCHEDULE AND CONTINUE TRIAL AND OTHER DATES<br><br><br>Case No. 2:13-CV-610 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Amend Case Schedule and Continue Trial and Other Dates.  For the reasons discussed below, the Court will deny Defendant's Motion.

I.  BACKGROUND

Plaintiff filed this action on June 28, 2013.  Defendant answered on July 22, 2013, and a Scheduling Order was entered on August 15, 2013.  The Scheduling Order set a dispositive motion deadline for October 13, 2014, and set a trial for March 16, 2015.

Defendant moved for summary judgment on all of Plaintiff's claims on October 13, 2014. Plaintiff's response was due on November 10, 2014, but he sought and received an extension, extending his response time until November 20, 2014.  Plaintiff filed his opposition to Defendant's Motion for Summary Judgment on November 17, 2014.  Defendant also sought and received an extension to file its reply, which was filed on December 22, 2014.  Plaintiff objected to certain materials contained in Defendant's reply on December 30, 2014.  Defendant responded

1

to Plaintiff's objection on January 7, 2014. With the filing of this response, Defendant's Motion for Summary Judgment became fully briefed.

The Court set a hearing on Defendant's Motion for Summary Judgment for February 18, 2014. In the instant Motion, Defendant seeks to amend the Scheduling Order and continue the trial date and other dates until after the Court has ruled on its Motion for Summary Judgment. Defendant argues that its summary judgment motion is potentially dispositive and could obviate the need for any further trial preparations, saving both parties significant effort and expense.

Plaintiff opposes Defendant's Motion, stating that he desires a resolution of this case. Plaintiff states that both he and counsel for Defendant are capable of meeting the currently-scheduled deadlines while the Motion for Summary Judgment is pending.

## II. DISCUSSION

A scheduling order may be modified only for good cause.[1] Additionally, when considering a motion to a continue trial, the Court considers the following factors:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance.[2]

---

[1] Fed. R. Civ. P. 16(b)(4).

[2] *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (considering the same factors in a civil matter).

These factors are weighed according to the dictates of the case. "No single factor is determinative and the weight given to any one may vary depending on the extent of the appellant's showing on the others."[3]

Considering these factors, the Court finds that a continuance is not warranted. First, the Court finds that both parties have been diligent in prosecuting this case. However, the Court would also note that both parties requested and received extensions when briefing Defendant's Motion for Summary Judgment. Thus, while the Motion was timely filed, it took nearly three months for the Motion to become fully briefed. The parties knew, or should have known, that these extensions would delay the Court's resolution of the motion, which would in turn affect their pretrial preparations.

Second, the Court finds that it is unclear whether granting the Motion would accomplish the purpose advocated by Defendant. Defendant correctly points out that the Motion for Summary Judgment is potentially dispositive. However, if that Motion is ultimately denied, the parties would still be required to undergo their pretrial preparations. Therefore, it is unclear whether granting the instant Motion would save resources or merely postpone the inevitable.

Third, the Court finds that Plaintiff would be inconvenienced if the Motion is granted. Plaintiff has expressed his desire to have this matter fully resolved and, if summary judgment is denied either fully or partially, granting Defendant's Motion would postpone that resolution.

Finally, the Court finds that Defendant has asserted a legitimate basis for the continuance. However, the Court concludes that the harm to Defendant in denying the Motion is not great. The Court will take efforts to quickly resolve the Motion for Summary Judgment after the

---

[3] *West*, 828 F.2d at 1470.

hearing set for February 18, 2015.  Thus, relatively few deadlines will be impacted by the denial of the instant Motion.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Amend Case Schedule and Continue Trial and Other Dates (Docket No. 37) is DENIED.

DATED this 2nd day of February, 2015.

                    BY THE COURT:

                    Ted Stewart
                    United States District Judge